Jtjdoe Geabam
delivered the opinion of the Court.
This is an indictment against Hayden, upon a charge of stabbing without malice aforethought, in a sudden affray. The punishment prescribed for this offence by the act of 1828, (2 Stat. Law, 1301,) is fine and imprisonment in the county jail, at the discretion of a jury, the fine not to exceed five hundred dollars, nor the imprisonment a longer time than one year.
By the act of 1841, (3 Stat. Law, 37,) upon an indictment for a misdemeanor against a free person, whether the punishment therefor is by fine only, or fine and imprisonment, or otherwise, the defendant has the right to appeal, or prosecute a writ of error to this Court. The defendant having, in this case, been committed, and sentenced to pay a fine of twenty dollars, and to be imprisoned three months in the county jail, and having, by the above recited act, the right to appeal, &c., has brought up the case, by writ of. error, for revision by this Court.
There are three questions of law involved in- the case: 1st. The extent of the privilege of peremptory challenge of jurors; 2d, whether a prosecutor is necessary to be named at the foot of the indictment; and 3d, if so, can the defendant be permitted, after the jury have returned a verdict, to object to the want of a prosecutor. The first two are the only questions of importance to be decided, for we think it is clear, that if a prosecutor be necessary at all, yet, if the defendant postpones his objection on that account until after the jury have returned their verdict against him, he should be held as having waived that objection, and it is then too late to make it.
The defendant indicted' for stibbing without malice is entitled to challenge 2U jurors peremptorily, (3 J. J. Marshall 142: lb. 630.)
Wo prosecutor is necessary in cases oí slabbing, which is a high misdemeanor; but only in cases oí trespass upon tlie person or property. It is too late'to object that there is no prosecutor after the jmy have returned a verdict.
Morehead Sp Reed for Hayden; Lindsey for Commonwealth.
We do not feel authorized to regard the first point as now open to investigation. We think it has been conclusively settled by repeated adjudications of this Court that iii such a case as the one now before us, the accused is not restricted to the number, three, but has the right, according to the statutes on that subject, to extend his peremptory challenges to twenty jurors: Montee vs Commonwealth, (3 J. J. Marshall, 132;) Commonwealth vs Mitchell, (3 J. J. Marshall, 631.) In the latter case, the Court decidedly express this opinion.
As to the second point, the second section of. the act of 1818, (1 Stat. Law, 542,) enacts, that so much of any law as requires the name of a prosecutor to be set at the foot of an indictment for a trespass or misdemean- or is repealed, “except in cases that relate to a trespass upon the person or property of individuals.” The terms used in this statute are somewhat of doubtful interpretation, but we cannot construe them to embrace every case of aggravated misdemeanors, such as cutting stabbing, &c., as is the present case. We think the operation of the act should, in its requisition, be confined strictly to indictments for trespass on the person or property of individuals, and ought not to be understood as embracing cases of high misdemeanor, when the indictment may be regarded as exclusively for the public of-fence, and not for the pi'ivate injury. Such being the nature of the offence in this case, it seems to us that no prosecutor was necessary. But for the error in restricting the defendant in his privilege of peremptory challenge, the judgment of the Circuit Court is reversed, and the case is remanded to that Court, with directions to set aside the verdict and judgment, and grant a new trial to the defendant.